**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2007 OCT -4 P 1: 10

CLERK 2Burton
SO. DIST. OF GA.

| | |
|---|---|
| **LeDUNG THUAN, Individually and as Representative of the Estate of JOE THUAN, and as Next Friend of EMILY THUAN, Minor Child of the Deceased, and ANTHONY THUAN, Individually**<br><br>Plaintiffs,<br><br>vs.<br><br>**MCKINSEY & COMPANY, INC.; MCKINSEY & COMPANY, INC. UNITED STATES and DOE CORPORATIONS 1 - 5 and JOHN DOES 1-55**<br>    Defendants. | CIVIL ACTION FILE NUMBER<br><br>**CV 107-130** |

### ORIGINAL COMPLAINT

COME NOW Plaintiffs, **LeDUNG THUAN, Individually and as Representative of the Estate of JOE THUAN, and as Next Friend of EMILY THUAN, Minor Child of the Deceased, and ANTHONY THUAN, Individually**, by and through counsel, and file their Original Complaint against Defendants **MCKINSEY & COMPANY, INC., MCKINSEY & COMPANY, INC. UNITED STATES, DOE CORPORATIONS 1-5 and JON DOES 1-55,** and allege as follows:

### Jurisdiction and Venue

1.

Plaintiff LeDung Thuan is a resident of Columbia County, Georgia and the duly appointed administrator and personal representative of the estate of Joe Thuan, deceased, who was a resident of Columbia County, Georgia. Plaintiff LeDung Thuan, was at all times pertinent herein, the lawful wife of Joe Thuan. The estate of Joe Thuan, deceased, is being probated in Columbia County, Georgia. Plaintiff is properly before this Honorable Court.

Plaintiff Anthony Thuan is a resident of Charleston County, South Carolina.

2.

Defendant, **MCKINSEY & COMPANY, INC.** is a foreign corporation that regularly conducts business in the State of Georgia. Defendant **MCKINSEY & COMPANY, INC.,** is incorporated in the state of New York and maintains its principle place of business in New York, New York. Defendant is subject to the jurisdiction of this Court and venue is proper in this district as Defendant has conducted business in the Southern District of Georgia. The incident giving rise to these claims occurred in the district. Defendant's proper service may be obtained by serving the agent for service in Georgia, to-wit: C T Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.

Defendant **MCKINSEY & COMPANY, INC. UNITED STATES**, is a foreign corporation that regularly conducts business in the State of Georgia. Defendant **MCKINSEY & COMPANY, INC. UNITED STATES,** is incorporated in the state of Delaware and maintains its principle place of business in New York, New York.

Defendant is subject to the jurisdiction of this Court and venue is proper in this district as Defendant has conducted business in the Southern District of Georgia. The incident giving rise to these claims occurred in the district. Defendant's proper service may be obtained by serving the agent for service in Georgia, to-wit: Corporation Service Company, 40 Technology Parkway South, No. 300, Norcross, GA 30092.

3.

This is a wrongful death case. Jurisdiction is based upon diversity of citizenship. The amount in controversy exceeds $75,000.00.

4.

Defendants Doe Corporations 1 – 5 are corporations whose domiciles and principal places of business are unknown and were, at all times material hereto, under contract with **MCKINSEY & COMPANY, INC., and MCKINSEY & COMPANY, INC. UNITED STATES** to provide goods to **MCKINSEY & COMPANY, INC., and MCKINSEY & COMPANY, INC. UNITED STATES**. All Doe Corporations regularly conduct business in the State of Georgia. All are subject to the jurisdiction of this Court, and are joined as unnamed parties pursuant to O.C.G.A. § 9-11-10(a).

5.

Defendants Does 1 – 55 are individuals whose residences are unknown and were, at all times material hereto, employees of defendants **MCKINSEY & COMPANY, INC., and MCKINSEY & COMPANY, INC. UNITED STATES** and were acting in the course and scope of their employment with their respective defendant employer and the acts of said individuals are accordingly imputed to their respective defendant

employer. All are subject to the jurisdiction of this Court, and are joined as unnamed parties pursuant to O.C.G.A. § 9-11-10(a).

6.

Plaintiffs have been injured and damaged in an amount to be determined by the enlightened conscience of an impartial jury.

7.

By the defendants combined joint and several acts of negligence defendants are joint tortfeasors.

## General Allegations

8.

At all times pertinent hereto, E-Z-GO was the owner and operator of a golf cart assembly plant in Augusta, Richmond County, Georgia, and Joe Thuan's employer.

9.

Prior to October 6, 2005, **MCKINSEY & COMPANY, INC.,** and **MCKINSEY & COMPANY, INC. UNITED STATES**, were responsible for the design, fabrication, installation, inspection, repair, rebuild and maintenance of the golf cart assembly line and its related systems at the E-Z-GO's Richmond County plant. At all times pertinent hereto, said defendants possessed knowledge of the design, fabrication, installation, inspection, repair, rebuild and maintenance of said assembly line, including the hazards associated therewith, which knowledge was superior to that of Joe Thuan and his employer E-Z-Go. At all times material hereto, Defendants, **MCKINSEY &**

COMPANY, INC., and MCKINSEY & COMPANY, INC. UNITED STATES. acted through their employees, Defendants and Does 1 – 55.

10.

Defendants **MCKINSEY & COMPANY, INC., and MCKINSEY & COMPANY, INC. UNITED STATES,** at all times pertinent hereto, were also engaged in inspections of the assembly line in question, and said inspections were relied upon by E-Z-Go and Joe Thuan. At all times material hereto, defendants **MCKINSEY & COMPANY, INC., and MCKINSEY & COMPANY, INC. UNITED STATES,** acted through their employees defendant Does 1-55.

11.

It was at all times foreseeable to all defendants that Joe Thuan would be working in and around E-Z-Go' assembly line, for which said defendants were jointly responsible for designing, fabricating, installing, rebuilding, inspecting, repairing, or maintaining.

12.

On or about October 6, 2005, Joe Thuan was working on the premises of E-Z-Go in Augusta, Georgia, when suddenly and without warning, a golf cart traveling down the assembly line became hung up on an object and turned sideways, crushing the Decedent between the golf cart and a steel beam.

13.

A proximate cause of Joe Thuan's death was the combined, joint and several negligence of the defendants, for which defendants are jointly and severally liable as a matter of law, and they were negligent in at least the following several particulars:

(a) Defendants, **MCKINSEY & COMPANY, INC.**, and **MCKINSEY & COMPANY, INC. UNITED STATES** by and through their agents and employees, including those identified herein, was negligent in designing, fabricating, installing, rebuilding, repairing, maintaining, and inspecting the assembly line, and in causing and leaving said assembly line in an inherently dangerous condition, which created a latent hazard to people like Joe Thuan who worked on the assembly line;

(l) Defendant Doe Corporations 1 – 5, by and through its agents and employees, were negligent in providing goods and/or services to E-Z-Go which negligence left assembly line in an inherently dangerous condition, which created a latent hazard to people like Joe Thuan, who worked in the general vicinity of the boiler;

(m) All defendants were negligent in leaving the assembly line in question in a state of defective repair, which condition was inherently dangerous, in that it contained a high potential for malfunctioning as is did.; and,

(n) All defendants were negligent in failing to warn Joe Thuan and his employer of the potential dangers which may have and actually did occur on the assembly line in question.

14.

The acts or omissions of the agents and/or employees of defendants related to the assembly line and its related systems were within the scope of their agency or employment with said defendants and the acts or omissions are accordingly imputed to said defendants.

## COUNT ONE

15.

Plaintiffs incorporate by reference Paragraphs 1 through 14 of the Complaint as if set forth herein verbatim.

16.

Plaintiff LeDung Thuan. brings this Count of this Complaint as the Personal Representative of the Estate of Joe Thuan, for pain and suffering and medical and funeral bills as well as a claim on behalf of Decedent's minor child, Emily Thuan.

17.

Plaintiff, Anthony Thuan, bring this Count of this Complaint as a surviving adult child of the Decedent

18.

As a result of the defendants' negligence, plaintiffs' decedent, Joe Thuan, died on October 6, 2005.

19.

Decedent Joe Thuan suffered excruciating pain, both physical and mental, for which the defendants are liable to the Plaintiffs.

20.

Defendants are indebted to Plaintiff LeDung Thuan, as Personal Representative of the Estate of Joe Thuan, for lost income, medical bills and funeral expenses.

**COUNT TWO**

21.

Plaintiffs incorporate by reference Paragraphs 1 through 20 of the Complaint as if set forth herein verbatim.

22.

At the time of his death, Joe Thuan was 48 years of age and, according to the Annuity Mortality Table for 1949, Ultimate, had a life expectancy of 29 years.

23.

Plaintiffs bring this action for the full value of the life of Joe Thuan pursuant to the laws of Georgia.

## COUNT THREE

24.

Plaintiffs incorporate by reference Paragraphs 1 through 23 of the Complaint as if set forth herein verbatim.

25.

At all times material hereto, Plaintiff LeDung Thuan was the lawful wife of plaintiff Joe Thuan. By virtue of the death of her husband, Plaintiff LeDung Thuan has sustained a loss of consortium, as provided by the law of Georgia.

26.

At all times material hereto, Plaintiff, Anthony Thuan, is the surviving adult some of Decedent, Joe Thuan and has suffered a loss of parental support, love, comfort and guidance.

27.

At all material times hereto, Minor Plaintiff, Emily Thuan is the minor daughter of Decedent, Joe Thuan and has suffered a loss of parental support, love, comfort and guidance.

**WHEREFORE**, Plaintiffs pray as follows:

(a) That Process and Summons duly issue;

(b) That they have trial by jury;

(c) That, as to Count One, they have judgment against Defendants in an amount fixed by the enlightened conscience of an impartial jury;

(d) That, as to Count Two, they have judgment against Defendants in an amount fixed by the enlightened conscience of an impartial jury;

(e) That, as to Count Three, Plaintiffs have judgment against Defendants in an amount fixed by the enlightened conscience of an impartial jury; and,

(f) That plaintiffs recover all costs of this action;

(g) for such other general and equitable relief as this Court deems just and proper.

Respectfully submitted,

Benjamin H. Brewton
State Bar No. 002530
TUCKER, EVERITT, LONG,
BREWTON & LANIER
P. O. Box 2426
Augusta, GA 30903

**ATTORNEYS FOR PLAINTIFFS**